2014 Ark. App. 374

**Lydia PERKINS, Appellant**

v.

**ARKANSAS DEPARTMENT OF HUMAN SERVICES and D.D., Minor Child, Appellees.**

**No. CV–13–865.**

Court of Appeals of Arkansas.

June 18, 2014.

Leah Lanford, Arkansas Public Defender Commission, for appellant.

4. *Id.*, at 3.

Tabitha B. McNulty, County Legal Operations; and Chrestman Group, PLLC, by Keith L. Chrestman, for appellees.

ROBERT J. GLADWIN, Chief Judge.

This is an appeal from the termination of appellant's parental rights to her son, D.D. We affirm.

D.D. was born on September 11, 2010, at twenty-four-weeks gestation, weighing less than two pounds. D.D.'s health was extremely fragile, including a bilateral brain hemorrhage, reflux, and dysphasia, which required that he be fed through a gastrostomy tube. After an extensive stay at Arkansas Children's Hospital ("ACH"), D.D. was released for follow-up at the High Risk Newborn Clinic. However, after appellant had missed several appointments, the hospital contacted the Arkansas Department of Human Services ("ADHS") and made a report of medical neglect. In March 2011, a twenty-day petition for dependency-neglect was filed to ensure appellant's cooperation with ACH.

On April 1, 2011, appellant took D.D. for a checkup, and ACH reported that there were no concerns. However, at the next appointment, on April 22, 2011, D.D. was admitted to ACH for failure to thrive after having lost one pound and seven ounces since the April 1, 2011 appointment. D.D.'s removal from appellant on April 27, 2011, by ADHS was prompted when ACH reported to the hotline that D.D., a medically fragile child, had been admitted for failure to thrive, and that appellant had not been able to articulate how D.D.'s feedings were to be mixed.

On June 29, 2011, D.D. was adjudicated dependent-neglected due to medical neglect. Appellant was ordered to complete a myriad of services, including a psychological evaluation, and medical training relevant to D.D.'s condition. The case proceeded through multiple review and permanency-planning hearings, with some progress by appellant noted by the circuit court. The direction of the case changed at the September 11, 2012 permanency-planning hearing, where the circuit court noted in its order that (1) appellant had missed numerous medical appointments where she would have had the opportunity to learn information that would be necessary to care for D.D.; (2) appellant had missed six scheduled visitations where she could have put into practice skills necessary for D.D.'s care; and (3) appellant had not secured "reliable transportation." The circuit court authorized ADHS to pursue termination of appellant's parental rights to D.D.

ADHS filed a petition for the termination of appellant's parental rights on November 26, 2012. But on February 12, 2013, ADHS sought to dismiss its petition because appellant had obtained a driver's license and a vehicle, independent housing, and the caseworker noted that her "whole demeanor" had changed since the petition for termination had been filed. The worker further testified that appellant had been undermined by the foster parents. The circuit court rejected the caseworker's testimony, finding that the foster parents had been "good and responsible." Appellant's therapist also testified that she had made "significant progress." In the end, over the attorney ad litem's objection, the circuit court dismissed ADHS's petition.

On February 14, 2013, the circuit court entered an interim order, noting that ADHS was seeking to have appellant's mother assist in D.D.'s care, and ordered ADHS to refer her for a psychological evaluation. ADHS began overnight visitations of D.D. with appellant, but the ad litem did not approve and filed a petition for termination on behalf of D.D. on February 25, 2013. A hearing was held on that petition on May 14, 2013. The circuit court terminated appellant's parental rights pursuant to an order filed on July

11, 2013, based on the statutory ground found at Arkansas Code Annotated section 9–27–341(b)(3)(B)(i)(a) (Supp.2013), where the child has been adjudicated by the court to be dependent-neglected and has continued out of the custody of the parent for twelve months and, despite a meaningful effort by the department to rehabilitate the parent and correct the conditions that caused removal, those conditions have not been remedied by the parent. The court also based the termination on a second statutory ground, commonly referred to as the "subsequent issues" ground, from Arkansas Code Annotated section 9–27–341(b)(3)(B)(vii)(a). Appellant concedes that D.D. is adoptable; accordingly, any deficiency of the circuit court's adoptability finding has been waived. *Friend v. Ark. Dep't of Human Servs.*, 2009 Ark. App. 606, 344 S.W.3d 670 (affirming termination, including best-interest finding, when appellant conceded juvenile was adoptable). Appellant filed a timely notice of appeal from that order on July 23, 2013.

Appellant argues that there was insufficient evidence to demonstrate that was not competent to provide appropriate care for D.D., or that returning him to her care was contrary to his health, safety, or welfare. Because we are satisfied with the decision of the circuit court and the accompanying quantum of evidence and findings supporting its order, we affirm by memorandum opinion. *In re Memorandum Opinions*, 16 Ark.App. 301, 700 S.W.2d 63 (1985). The circuit court's decision to terminate appellant's parental rights to D.D. is not clearly erroneous and is affirmed in all respects.

Affirmed.

VAUGHT and BROWN, JJ., agree.